United States District Court
Northern District of Indiana
Hammond Division

| | | |
|---|---|---|
| OWNER OPERATOR RESOURCES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:06-CV-391 JVB |
| CENTRAL COMPANIES LLC; MIDWEST INSURANCE AGENCY, INC., and US INSURANCE GROUP LLC, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This action is before the Court on a joint motion to dismiss Plaintiff's Complaint filed by Defendants Central Companies LLC and Midwest Insurance Agency, Inc. (DE 12) and two separate motions to dismiss filed by Defendant US Insurance Group LLC (DE 16 and DE 30). For the reasons set forth below, this action is **DISMISSED**. Defendants' Motions to Dismiss are **DENIED AS MOOT.**

**FACTS**

In its complaint filed on November 22, 2006, Plaintiff asserted federal jurisdiction on the basis of diversity of citizenship pursuant to 28 U. S. C. § 1332, stating that "Plaintiff is diverse from all of the Defendants." Plaintiff identified itself as an Indiana corporation, without stating the location of its principal place of business. It stated that Defendant Midwest Insurance Agency, Inc., is an Illinois corporation with its principal place of business in Illinois. Defendant

Central Companies LLC was identified as an Illinois limited liability company with its principal place of business in Illinois. Defendant U.S. Insurance Group LLC was identified as a Tennessee limited liability company with its principal place of business in Tennessee. The Complaint asserts claims based on negligence and breach of contract against the Defendants.

On March 19, 2007, Defendants Central Companies LLC and Midwest Insurance Agency, Inc. filed their joint Motion to Dismiss, maintaining that any claim Plaintiff might have had against them became an asset of the bankruptcy estate as a consequence of Plaintiff's Chapter Seven voluntary bankruptcy petition which was filed on February 14, 2006. Thus, the Complaint should be dismissed for lack of subject matter jurisdiction and by reason of Plaintiff's lack of standing, according to Defendants. Plaintiff filed no response.

On March 23, 2007, Defendant U.S. Insurance Group LLC moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 17(a), arguing that as a consequence of the bankruptcy the Plaintiff is not the real party in interest. Plaintiff failed to respond.

On May 8, 2007, Magistrate Judge Cherry granted counsel for the Plaintiff corporation leave to withdraw, at the same time ordering Plaintiff to secure new counsel withing thirty days of the Order and to appear in person by a corporate representative at a status conference on June 7, 2007. Plaintiff failed to appear at the status conference either in person or by counsel, whereupon Magistrate Judge Cherry ordered the Plaintiff to appear on July 11, 2007, by its president or general manager, to show cause for failure to retain counsel and failure to appear at the status conference. At the July 11 hearing, the Plaintiff once again failed to appear. Defendant U.S. Insurance Group LLC responded by filing a second Motion to Dismiss, this time

on the basis of Federal Rules of Civil Procedure 41(e) for failure to prosecute and on Northern District of Indiana Local Rule 7.1(a), which permits summary ruling on a motion when the nonmoving party has failed to file a response withing the time prescribed by the Rule. Plaintiff filed no response.

On December 21, 2007, the Court issued an Order directing the Plaintiff to amend its jurisdictional statement to properly allege complete diversity of citizenship between Plaintiff and all Defendants within fifteen days of the date of the Court's Order.[1] To date Plaintiff has filed no response to the Order.

**LEGAL STANDARD**

This Court turns to examine subject matter jurisdiction. Though neither party has contested the issue, when jurisdiction is founded on diversity of citizenship, the Court must determine whether the parties are indeed citizens of different states. *See Wisconsin Knife Works v. Nat'l Metal Crafters* (7th Cir. 1985). An allegation of citizenship proper in form and not contested establishes a party's citizenship for purposes of diversity jurisdiction. *Casio, Inc. V. S.M. & R. Co.,* 755 F.2d 528, 530 (7th Cir. 1985). In determining citizenship, unincorporated enterprises are treated in the same manner as partnerships, which take the citizenship of every general and limited partner. *See Carden v. Arkoma Assoc.,* 494 U.S. 185 (1990). Limited liability companies are citizens of every state of which any member is a citizen. *Belleville Catering Co. V. Champaign Market Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003). A

---

[1] A similar Order, entered on December 4, 2007, mailed to the Plaintiff at the address listed on the Docket, was returned as undeliverable. The December 21 Order was mailed to the Plaintiff at the address of its registered agent as shown in the records of the Secretary of State of Indiana, and has not been returned.

corporation is a citizen of both the state of its incorporation and the state where its principal place of business is located.  28 U. S. C. § 1332 (c)(1).  When defects in the jurisdictional allegations appear on the face of the Complaint, it is incumbent on the Court to insist that they are cured, failing which, the action must be dismissed for lack of jurisdiction.  *See Murphy v. Schering Corp.*  878 F. Supp 124, 125. ( N. D. Ill. 1995).

## CONCLUSION

As the facts set out above demonstrate, defects in the allegation of diversity jurisdiction appear on the face of the Complaint.  Plaintiff's allegations of diversity jurisdiction fail in two respects: the principal place of business of the Plaintiff is not alleged and the citizenship of each member of the two limited liability company Defendants is not set out.  Plaintiff has ignored the Court's order to cure these defects.  Accordingly, it is impossible for this court to determine whether diversity jurisdiction exists and this action is **DISMISSED.**

SO ORDERED on January 22, 2008

   s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge